**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MARCUS F. MORRIS, #101942**  **PETITIONER**

**versus**  **CIVIL ACTION NO. 4:11cv122-SA-SAA**

**CHRISTOPHER EPPS,** *et al.*  **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Marcus Morris, Mississippi prisoner # 101942, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to § 2244, and Petitioner has responded. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

On May 21, 1994, Petitioner was convicted of capital murder in the Circuit Court of Washington County, Mississippi, and sentenced to life without the possibility of parole. (R. Mot. to Dismiss, Ex. A and B). Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which affirmed both on September 23, 1997. (*Id*., Ex.M).[1] Petitioner did not file a motion for rehearing, and the Mississippi Supreme Court's mandate issued on October 14, 1997.

---

[1] Petitioner's appeal was dismissed for failure to prosecute in November of 1995 but later reinstated by the Mississippi Supreme Court. (*See* R. Mot. to Dismiss, Ex. C, D, E, F, G, and H). Petitioner's attorney attempted to withdraw from representation based on his belief that there was no error in the case, but that request was denied and the case proceeded. (*See id.*, Ex. I, J, K, L).

1

Petitioner first sought post-conviction relief on December 14, 2004, when he filed a "Motion for Post-Conviction Relief to Vacate and Set Aside Conviction" in the Circuit Court of Washington County, Mississippi. (*Id.*, Ex. N). That motion was dismissed without prejudice on January 24, 2005, in order to allow Petitioner to seek the permission of the Mississippi Supreme Court to proceed in the trial court on the post-conviction motion. (*Id.*, Ex. P).[2] He subsequently filed an "Application for Leave to File Motion for Post-Conviction Collateral Relief in the Trial Court" that was signed on April 16, 2008, and which the Mississippi Supreme Court dismissed as time-barred and without merit on May 28, 2008. (*Id.*, Ex. S and T). Petitioner attempted to file a second application in May 2011 that was dismissed as time-barred and successive on June 22, 2011. (*Id.*, Ex. U and V). Petitioner then signed the instant petition on October 25, 2011, and it was stamped "filed" in this Court on October 31, 2011.

On February 28, 2012, Respondents filed a Motion to Dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d). On April 19, 2012, Petitioner responded to the dismissal motion. Petitioner maintains that he is exempted from the time-bar in § 2244(d) under the "actual innocence doctrine or miscarriage of justice doctrine." (ECF doc. 1, 16). He maintains that the indictment against him was fatally flawed, and that he received the ineffective assistance of counsel at trial. In his traverse, he appears to argue that judgment against him was not "final" until the Mississippi Supreme Court denied his motion for leave to proceed in the trial court on a motion for post-conviction relief, because the trial court was without jurisdiction to hear his claims. (ECF doc. 14).

---

[2] Petitioner later sought to amend the motion filed in the trial court in April 2005, and the trial court entered an order on December 2, 2005, denying the motion and noting that the first motion had previously been dismissed. (*See* R. Mot. to Dismiss, Ex. O and P).

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Edgerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

**Analysis**

A state judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the time" to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). When a petitioner fails to seek discretionary review in State court, however, he "stops the appeal process." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). In such cases, the conviction becomes final when "the time for seeking [direct] review" in state court expires. *Id.*; *see also* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner did not seek discretionary review by filing a petition for rehearing with the Mississippi Supreme Court. As such, his conviction became final when the time expired for him to seek such review, which was October 7, 1997, fourteen days after his convictions were affirmed. *See* Miss. R. App. P. 40; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'-when the time for pursuing direct review in this Court, or in state court, expires"). Therefore, absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before October 7, 1998, to be deemed timely.

Petitioner's first post-conviction filing did not occur until December 14, 2004.[3] Inasmuch as Petitioner did not seek post-conviction relief in State court until well after the expiration of the one year deadline prescribed by the AEDPA, he is not entitled to statutory tolling for the period of time that his post-conviction application was pending. *See* 28 U.S.C. §

---

[3] The Court also notes that the petition was not "properly filed" and would not otherwise serve to toll the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (20000) (holding that an application is not "properly filed" unless "its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

2244(d)(2) (tolling the federal statute of limitations while a "properly filed" application is pending). Therefore, federal habeas relief is available to him only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

While equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights," there is no reasonable basis in the record to conclude that either circumstance is applicable to Petitioner's delay. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Moreover, the Fifth Circuit has held that claims of actual innocence do not justify equitable tolling. *See Henderson v. Thaler*, 626 F.3d 773, 781 (5th Cir. 2010) (declining to create an "actual innocence" exception to the AEDPA statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that actual innocence claim "does not constitute a 'rare and exceptional' circumstance").

Petitioner's federal habeas petition was "filed" sometime between October 25, 2011 and October 31, 2011. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is well past the one-year statute of limitations imposed by the AEDPA, and the instant petition will be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal

5

habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus was rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

The Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" and **DISMISSES** with prejudice the petition filed in this cause. For the reasons set forth in this opinion and order, the Court further **ORDERS** that a certificate of appealability be denied, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a federal right." 28 U.S.C. § 2253(c)(2).

**SO ORDERED** this the 9th day of August, 2012.

                                                         **/s/ Sharion Aycock**
                                                       **U.S. DISTRICT JUDGE**